```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
                   05-CV-645(JMR/FLN)
```

Susan Harris                   )
                               )
        v.                     )          ORDER
                               )
City of Wabasha et al.         )

A Report and Recommendation was issued in this matter by the Honorable Franklin L. Noel, United States Magistrate Judge, on September 25, 2006. On consideration of cross-motions for summary judgment, the Magistrate recommended denying plaintiff's motion, and granting in part and denying in part defendants' motions. Each party timely objected to the Report and Recommendation pursuant to Local Rule 72.2(b).

Having reviewed the record de novo, the Court largely adopts the Report and Recommendation, but rejects Sections III A 3 and III C 2 addressing plaintiff's claims of malicious wrong against defendants Peter Klas and the City of Wabasha (Count II). Summary judgment is granted in favor of defendants on those claims.

I. Analysis

Plaintiff claims defendant Peter Klas ("Klas"), the mayor of City of Wabasha ("the City"),

> . . . told Eaglewatch Board members and others that plaintiff had failed [a] lie detector test, that she should not be allowed to work for the National Eagle Center, and that plaintiff had been involved in 'missing funds' when she was an employee at the local VFW.

(Am. Compl. ¶ 29.) Based on this allegation, plaintiff claims she suffered, among other things, defamation and malicious wrong inflicted by Klas, and vicariously by the City. Count II of her complaint alleges: "[b]y his statement . . . Klas intended to injure plaintiff and succeeded in his malicious intent. Defendant Klas' malicious conduct was the direct and proximate cause of plaintiff's injuries." (Am. Compl. ¶ 39).

The Magistrate recommended dismissing the defamation claims based on the defense of absolute privilege, but found there were unresolved material facts concerning whether Klas acted with malice or ill-will toward plaintiff, which precluded summary judgment on the malicious wrong claim. The Magistrate did not, however, consider whether absolute privilege applies to the malicious wrong claim. The Court finds that it does.

Municipal executive officers are shielded from liability for defamatory statements by the doctrine of absolute privilege, which "protects officials who make statements which are integral to the performance of their assigned duties and which address issues of public concern." Diver v. Peterson, 524 N.W.2d 288, 291 (Minn. Ct. Appl. 1994). The absolute privilege defense does not depend on the speaker's intent, because, in the words of the Minnesota Supreme Court:

> Government can best be held accountable by assuring that its top level representatives have no excuse not to speak in the performance of their duties. If they speak out falsely and from ill motives, it is expected

their remarks will be exposed for what they are worth. Johnson v. Dirkswager, 315 N.W. 2d 215, 221 (Minn. 1982); Diver v. Peterson, 524 N.W.2d 288, 291 (Minn. Ct. App. 1994).

Although Minnesota courts have never addressed whether absolute privilege bars suits for malicious wrong, only two cases in Minnesota even acknowledge the tort. Neither involves claims against government officials. See Marudas v. Odegard, 10 N.W.2d 233, 235 (Minn. 1943); Keckhafer v. Prudential Ins. Co. of America, 2002 WL 31185866 at *5 (D. Minn. 2002). The Minnesota Supreme Court has applied the absolute privilege defense against defamation claims regardless of malice. See, e.g., Jadwin v. Minneapolis Star and Tribune, 367 N.W.2d 476, 481 (Minn. 1985) (quoting Mathis v. Kennedy, 67 N.W.2d 413, 416-17 (Minn. 1954)).

Confronting judicial immunity, the Minnesota Court of Appeals found a cause of action, premised on a privileged statement, could not avoid the privilege by simply terming the tort something other than defamation. Mahoney v. Newgard, 712 N.W.2d 215, 219 (Minn. Ct. App. 2006). "Even if the claim is not for defamation, if it sounds in defamation, absolute immunity applies." Id. The Court reasoned that Minnesota's elucidated public policy favoring immunity – the encouragement of free communication – applies with equal force to other torts arising from the same communications. The Court finds this logic controlling here.

The gravamen of plaintiff's malicious wrong claim is Klas's

3

allegedly defamatory statements.  (Am. Compl. ¶¶ 32-34.)  If this Court allowed plaintiff's malicious wrong claim to go forward, while finding the very statements upon which that claim is premised protected by absolute privilege, it would eviscerate the privilege and deter public officials from speaking freely without fear of suit.  See Diver, 524 N.W.2d at 291.  Plaintiff cannot get around absolute privilege by pleading an antiquated and seldom considered cause of action.

    The Magistrate properly found that:

> All of the statements that Plaintiff alleges that Klas made were made in connection with Klas' duty as the Mayor to protect the City's financial interest in the NEC.  All of the alleged statements were made either at Board meetings or to City Council members, who also had a duty to protect the City's financial interest in the NEC.  Looking at the nature of the financial oversight function assigned to the Mayor, and the fact that all of the alleged statements are directly connected to the performance of that function . . . Klas is protected from defamation suit by virtue of absolute privilege.

(Report at 16.)  For these exact reasons, the Court finds Klas protected from suit for malicious wrong.

    This determination means there is no remaining basis for liability against the City, because any City liability for the malicious wrong claim is vicariously based on Klas's statements; thus, Count II is dismissed.

II. Conclusion

    For the reasons set forth above, and based upon a de novo review of the record, the Court adopts in part and rejects in part

the Magistrate's Report and Recommendation [Docket No. 111].

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for partial summary judgment [Docket No. 63] is denied.

2. Defendant Peter Klas' motion for summary judgment [Docket No. 68] is granted.

3. Defendants City of Wabasha and David Kruger's Motion for Summary Judgment [Docket No. 80] is granted in part and denied in part as follows:

    a. Insofar as the motion relates to Counts I, II, and III, the motion shall be granted.

    b. Insofar as the motion relates to Count IV, the motion shall be denied.

Dated:  February 14, 2007

s/James M. Rosenbaum<br>
JAMES M. ROSENBAUM<br>
United States Chief District Judge